Plaintiff instituted suit seeking to recover judgment against defendant in the sum of $286, or in whatever sum it is found that defendant owes plaintiff on settlement of the affairs of an alleged partnership which existed between them. He prayed for a full liquidation of the partnership affairs and an accounting, and prayed for a writ of sequestration to prevent the property from being disposed of during the pendency of the suit.
Defendant denies being indebted unto plaintiff in any amount and alleged that the partnership formerly existing between them had been fully liquidated and settled, and that plaintiff had accepted and removed his one-half of the partnership assets, which consisted entirely of merchandise.
The case was tried in the City Court of Shreveport and resulted in a judgment in favor of the plaintiff in the sum of $286.20, with five per cent per annum interest from judicial demand until paid, reserving to plaintiff his right to bring a separate suit for settlement of the affairs of the partnership, and for accrued profits from November 16, 1942, until the partnership is finally liquidated.
We presume the lower court intended to sustain the writ of sequestration, but we cannot make that out of the language of that part of the judgment pertaining to the writ of sequestration. It reads as follows: "Further prays that the writ of sequestration be maintained, etc.," and it strikes us as unusual for the court to be praying instead of ordering.
Defendant has perfected a devolutive appeal to this court.
The lower court did not render a written opinion and plaintiff, appellee, has made no appearance in this court by brief or otherwise, therefore, we do not know upon what theory the court arrived at its decision or upon what theory plaintiff expects us to affirm the judgment. The testimony offered in the lower court was not taken down and the case is presented to *Page 748 
us upon an agreed statement of facts, which is as follows:
"It is agreed that the plaintiff and defendant entered into a partnership as shown by `P-1', on May 29, 1942; that William Jefferson put $200.00 cash into the partnership and the defendant, as his part, contributed the stock of groceries which he had on hand on May 29, 1942.
"The partners agreed that 20% of the gross sales should represent the profit. This was to be equally divided between the partners.
"It is agreed that the profits shown by the Ledger for 13 consecutive weeks is correct and that William Jefferson did not withdraw any cash profits except the sum of $3.50.
"It is agreed that William Jefferson received the $68.98 of groceries as his part of the accrued profits only as shown on page 18 to page 25 of the Ledger. This was simply payment of the profits due William Jefferson to date and not a settlement of the partnership.
"The testimony was in conflict on whether or not the division of the stock of groceries was, in fact, a dissolution of the partnership and an accounting to the partners.
"Thus done and signed on this the 13th day of September, A.D., 1943."
The above facts, which we must presume were the entire facts proved on the trial of the case, are not sufficient to sustain the judgment rendered by the lower court. The above statement of facts fails to show the value of the assets of the partnership on hand at the time of trial or that defendant had withdrawn any amounts from the partnership for which he could be required to account to plaintiff. The mere fact that plaintiff originally put into the partnership the amount of $200, as his part, does not justify the court in awarding him judgment for the $200. The partnership was a commercial one and plaintiff was liable for any legitimate losses of the partnership, as well as he was entitled to his part of the profits, if any. The statement of facts upon which the case is presented to us is not sufficient to base a judgment upon in any amount and we are forced to presume the statement covers all the facts proven below. Plaintiff has the right to a dissolution of the partnership, if it has not already been dissolved, and had the legal right to have a settlement of its affairs, therefore, in justice to all concerned, we are of the opinion the case should be remanded to the lower court for a new trial in order that the entire facts concerning the partnership might be proved.
It therefore follows that the judgment of the lower court is set aside and the case is remanded to the lower court to be tried in accordance with the views expressed herein; cost of appeal to be paid by appellee and all other costs to await the final determination of the case.
 *Page 29